THEODORE R. SWEETLAND, Petitioner.

Knox.    Opinion September 17, 1924.

*An application for writ of Habeas Corpus is addressed to the sound discretion of the court and will not be granted unless the real and substantial justice of the case demands it.*

On exceptions. Petition for Habeas Corpus. Petitioner was convicted in a lower court of illegal possession of intoxicating liquor and sentenced to fine and imprisonment and he appealed to the Supreme Judicial Court. Not at the first term of said appellate court but at the second term thereof the sentence was affirmed and a mittimus issued. The presiding Justice denied the application and petitioner entered exceptions. Exceptions overruled. Writ denied.

The case appears in the opinion.

*Frank A. Tirrell and Phillip Howard,* for petitioner.

*Z. M. Dwinal, County Attorney,* for the State.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, WILSON, DEASY, JJ.

DEASY, J. Petition for writ of Habeas Corpus.

The petitioner having been in the Rockland Municipal Court convicted of illegal possession of intoxicating liquor and sentenced to fine and imprisonment appealed to the April Term, 1923, of the Supreme Judicial Court for Knox County.

Not at said April Term but at the following September Term of said court the sentence of the Municipal Court was affirmed and later a mittimus was issued. The respondent complains that his detention upon this mittimus is unlawful. He argues that the sentence can be lawfully affirmed only at the term to which the appeal is taken and at which it is entered.

This contention finds no support in the statutes. Neither R. S., Chap. 134, Sec. 18, establishing general rules governing criminal procedure, nor R. S., Chap. 127, Sec. 43, relating to liquor law violations, contains any such limitation upon the power of the court.

It is true that Sec. 42 of Chap. 127, R. S., provided that sentences should be imposed at the term of conviction, but this section has been held directory and not mandatory, (St. Hilaire Petnr., 101 Maine, 522) and (still more important) has been wholly repealed. Acts of 1917, Chap. 156.

"An application for writ (of habeas corpus) is addressed to the sound discretion of the court and the writ will not be granted unless the real and substantial justice of the case demands it."

*O'Malia* v. *Wentworth*, 65 Maine, 129.

It is clear that the real and substantial justice of the present case does not demand the issuance of the writ.

> *Exceptions overruled.*
> *Writ denied.*